IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**JAMES RUSSELL MUNSON**　　　　　　　　　　　　　　　　　　　　**PETITIONER**
**ADC #112106**

v.　　　　　　　　　　　　**5:09-cv-00180-SWW-JJV**

**LARRY NORRIS, Director,**
**Arkansas Department of Correction**　　　　　　　　　　　　**RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence which supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

　　　1.　　　Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
500 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

Now before the Court is the Petition for Writ of Habeas Corpus (Doc. No. 2) pursuant to 28 U.S.C. § 2254 of James Russell Munson, an inmate in the custody of the Arkansas Department of Correction (ADC). Petitioner challenges his prison disciplinary conviction stemming from disciplinary charges dated November 23, 2007, while he was housed at ADC's Ouachita River Correctional Unit. Petitioner's disciplinary arises from allegations that, on November 23, 2007, at 5:55 p.m., the inmates in 9 barracks were ordered to go to their cell by the oncoming shift officers conducting a count of the barracks. Instead of reporting to his cell, Petitioner approached the 9 barracks door and while in the restricted red box area became insolent towards Sergeant Via. Sergeant Via ordered Petitioner to go to his cell but instead, Petitioner refused and persisted in talking about an informal grievance and demanding action. Petitioner finally returned to his cell mumbling curse words. Petitioner was charged with violations of Rules 2-9, 3-1, 11-1, and 12-1, which charge interfering with taking of count, out of place assignment, insolence to a staff member,

and failure to obey verbal or written orders of staff, respectively. As a result of his conviction on the disciplinary charges, he was reduced to class IV, forfeited 150 days of good-time credit, and was removed from the Reduction of Sexual Victimization Program ("RSVP").

In his petition for habeas corpus relief, Petitioner advances the following claims:

1. His First Amendment rights were violated because he was in the process of trying to get another corrections officer to file an "emergency grievance" when Sergeant Via ordered him to return to his rack and then issued a "false disciplinary" when he did not;

2. His Eighth Amendment rights were violated when he was found guilty of a "false disciplinary" simply for "exercising a protected constitutional right;" and

3. He was denied due process under the Fourteenth Amendment when he was not allowed to present allegedly favorable evidence (the security camera tape) on his behalf at the disciplinary hearing.

The Respondent contends that this Court should dismiss Petitioner's claims without prejudice due to his failure to exhaust his state remedies. Respondent argues Petitioner should seek relief pursuant to the Arkansas Administrative Procedure Act or through an application for a writ of mandamus or declaratory judgment in state court.[1]

The exhaustion of state court remedies is codified in the federal habeas statute 28 U.S.C. § 2254(b) and (c). These subsections reflect a policy of federal-state comity requiring the exhaustion of state court remedies prior to bringing federal habeas corpus claims. *Lenza v. Wyrick*, 665 F.2d 804 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971). This exhaustion requirement is in place to afford the state courts the opportunity to correct any constitutional errors before the federal courts intervene. *Wyrick*, 665 F.2d at 807-8; *Picard*, 404 U.S. at 270 ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of

---

[1] *See* Ark. Code Ann. § 25-15-201, *et. seq.* (Administrative Procedure Act); Ark. Code Ann. § 16-111-101, *et. seq.* (mandamus statute); § 16-115-101, *et. seq.* (declaratory relief statute).

government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.") (citations omitted). State court remedies are considered to have been exhausted when they are no longer available, regardless of the reason for their unavailability. *Woodford v. Nqo*, 548 U.S. 81, 92-3 (2006).

The Court is mindful of the substantial challenge that this finding places upon Petitioner because the availability of remedies in the Arkansas state courts is an uncertain area of law. *Compare* Ark. Code Ann. § 25-15-202(1)(B) (excluding prison disciplinaries from the definition of "adjudication" for purposes of obtaining review under Arkansas Administrative Procedure Act); with *McKinnon v. Norris,* 231 S.W.3d 725, 728-32 (Ark. 2006) (dismissing state petitions for habeas corpus relief and for declaratory judgment challenging prison disciplinary action; reversal of disciplinary due to irregularities and errors "is not the proper function of a declaratory judgment"); and *Bayless v. Beck,* No. 04-69, 2005 WL 1411656 (Ark. Sup. Ct. June 16, 2005) (no due process cause of action under § 16-123-105 because no liberty interest in good time or segregation). However, whether a state remedy is presently available is a question of state law to which only the state courts may speak with final authority. *Simpson v. Camper,* 927 F.2d 392, 393 (8th Cir.1991); *Thomas v. Wyrick,* 622 F.2d 411, 414 (8th Cir.1980); *see* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right *under the law of the State* to raise, by an available procedure, the question presented") (emphasis added). If the availability of a state court remedy is uncertain, a federal habeas court should allow the state courts the opportunity to definitively resolve the uncertainty. *See Sloan v. Delo,* 54 F.3d 1371, 1381 (8th Cir.1995); *Woods v. Kemna,* 13 F.3d 1244, 1245-46 (8th Cir.1994).

Petitioner has likely lost his opportunity to pursue a state remedy through the Arkansas Administrative Procedure Act given the thirty day requirement to file his action in state court. Ark.

Code Ann. § 25-15-212(b)(1). However, as Respondent argues, Petitioner should file, in the state circuit court of the county where he is incarcerated, a petition for writ of mandamus or a petition for a declaratory judgment. *See Graham v. Norris*, 10 S.W.3d 457 (Ark. 2000); *Duncan v. Bonds*, 987 S.W.2d 721 (Ark. 1999). If the trial court does not grant Petitioner's relief, he should appeal to the Arkansas Supreme Court. If the Arkansas Supreme Court affirms the trial court's ruling, Petitioner could then file a petition for writ of habeas corpus in the federal court.

Because a state procedure is available, it cannot be said that the exhaustion requirement of 28 U.S.C. § 2254 has been satisfied. Petitioner must first challenge his conviction in state court by filing for declaratory relief or a writ of mandamus. Because Petitioner has failed to seek any remedy in state court, this case should be dismissed without prejudice so Petitioner can seek the available state remedies.

Based upon the foregoing, the Court recommends that the Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED WITHOUT PREJUDICE so that Petitioner may exhaust his state court remedies. Accordingly, Petitioner's outstanding motions, Document Numbers 16, 17, 18, and 19 are moot and should be DISMISSED.

IT IS SO ORDERED this 7th day of October, 2009.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE